OPINION of the Court, by
Judge Owsley.,
— Craig and Miller entered into, signed, sealed and delivered an article of agreement containing mutual covenants. Miller on his part covenanted that he would convey to Craig, within 120 days from the date of the articles of agreement, by a deed with special warranty containing a refunding clause, &e. the house and lot with its appurtenances in the town of Glasgow, Barren county, then occupied by William Miller as a storehouse ; the property to be valued by two disinterested men mutually chosen, and in case of disagreement their umpire, at a fair exchange barter or trade price : and also farther covenanted to convey to said Craig, by such other like deed or deeds, within the same time, such other real estate of his the said Miller’s, lying and being in said county of Barren, as said Craig might choose, the choice being made so as not,to injure by division the residue, and to be valued in the like manner, as will pay said Craig, when added to the valuation of said house and lot, the sum of §3696 52 cents : and the said Miller did farther covenant the said property, previous to the clay of conveyance, should be fully' exonerated from all mortgages and other incumbrances of any kind whatsoever.
Upon this covenant Craig brought suit in the court below, alleging in his declaration the valuation and conveyance of.the house and lot in Glasgow, at the price' of § sOOO, by Miller, but his failure to perform the residue of. his covenant, although an election had been made by Craig. Miller appeared to the action and plead four several pleas,- — 1st. That Craig, previous to *441 the commencement of the action, had by his endorsament an the articles of agreement assigned all his right, title and interest therein to Thomas Eastland. 2d, Covenants performed. 3d, A tender and refusal ; and 4th, A readiness to perform.
An article of M¡nbg*mutu"í covenants, is n®t aflbnabie, [, as enab!e the atfignee to bring covenant his own "**'•
If one coves nants to convey pn pertyiuch as ‘í16"hi'gceftail choole out of the obligor’s lands in the T"1’, "f B & nant the obli_ gor conveys to °f he has thereby difabied him-Perfo,n>
That the ob. iig»r’* agent by agreement covenant, had for the ¡⅛ f”bfeheJ,an?3 away* doe< not excuse the
To the first of these pleas there ivas a demurrer and joinder ; to the second, third and fourth replications and joinders* The law arising on the demurrer was ad- , , . r , ° , , . , - . judged in favor or Craig ; and on the trial of issues to the other pleas, a general verdict was found for Miller*in Craig then moved lor a new trial, on the grounds of the .9 . . ■ , , , ■ ■ verdict being contrary to evidence and the instructions of the court; but his motion was overruled, and judgment rendered on the verdict of the mrv* Exceptions , , . . r 1 • • 1-1 were taken to the opinion of the court in overruling the motion lor anew tria!, and the evidence given on the trial made part of the record, from this judgment Craig appealed to this court.
The only error assigned, is, that the court below erred in refusing to grant anew trial* Before we investigate the questions arising upon the assignment of errors, it is proper we should dispose of an objection taken by the counsel of Miller in argument to the correctness of decision of that court on the demurrer to the first plea. For if, as was urged, the writing upon which this suit is founded is assignable, however erroneous mav be the judgment against Craig, as he has assigned the writing to Eastland, he could have no right to complain. suit in that event should have been brought in the name of Eastland, and the judgment against Craig could prejudice his right to sue. An answer to the objection is however found in the decision of this court in the case of Bowman vs. Froman, 2 vol. 233. By that decision it was m id that an article of agreement containing mutual covenants, does not come within the provisions of the statute making writings assignable ; and whatever doubts may exist as to the correctness of that decision, we are not disposed to depart from its principles. The judgmnnt of the court on the demurrer to the first plea was therefore correct.
We will next examine the correctness of the decision in refusing a new trial. The evidence in the cause clearly proves that Miller, at the time of entering into the agreement with Craig, held the legal title to several *442 parcels of land in Barren county, which he has since cónveyed to others, under a parol contract previously made by his agent, in virtue of a parol authority. It is moreover manifest that Eastland, as the agent for Craig, refused to receive a deed for the residue oí lan< £ held b> Miller, alleging he had a right to elect to take the land so conveyed by Miller since their contract. It is likewise in proof that Miller offered to convey according to valuation, lands owned by him in Barn n, and not previously conveyed. Whether, therefore, this evidence justifies the verdict of the jury, is the main inquiry. It is clear it does not establish a pertormance of ttie covenant on the part of Miller ; and whether it proves a tender or readiness to perform, depends on the effect of the covenant* For if Miller was bound to convey to Craig, in case Craig should so elect, iht land which he has since conveyed to others, he has thereby rendered himself unable to perform his covenant, and consequently has not supported the pleas of tender or readiness on Ins parf* It is evident that when Miller entered into the covenant with Craig, he held the legal title to the land he has since conveyed to others, and that by no legal means could he have been compelled to make the conveyance. Miller must, therefore, be considered really and substantially the owner of those lands when he made the agreement with Craig, and his covenant to convey such, other oj his real estate, &fc. should be construed to embrace them, as well as all other of which he was so entitled. As Miller has, therefore, by conveying to others part of the land embraced by his covenant to Craig, disabled himself from complying ón his part, it results the evidence does not support the verdict.
It was however urged in argument, that as Craig has alleged in his declaration an election of land, to have authorised a verdict in his favor he should have proven it. To this objection it need only be remarked, that though the declaration makes such an allegation, the issues are taken to different facts, not involving such an inquiry.
The judgment of the court must therefore be reversed with costs, the cause remanded to the court below and a new trial awarded, and such farther proceedings had as may be consistent with this opinion*